```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA

                  CHARLESTON
```

**RODNEY E. HAYS,**

    **Plaintiff,**

v.                                     Case No. 2:09-cv-01272

**TOWN OF GAULEY BRIDGE,**
**WEST VIRGINIA,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, Rodney E. Hays, proceeding *pro se*, filed this action on November 20, 2009, claiming that his civil rights were violated when his trial in the Municipal Court of Gauley Bridge, West Virginia, was not open to the public. (Complaint, docket # 1, at 1-2.)  He seeks $10 million in compensatory and punitive damages. Id., at 2-3.  Plaintiff brings his claim pursuant to 18 U.S.C. § 241 and 42 U.S.C. § 1983.

Pending before the court are Defendant's motion to dismiss (# 6) and Plaintiff's motion for default judgment (# 8).  This action is assigned to the Hon. John T. Copenhaver, Jr., United States District Judge, and referred to the undersigned by Standing Order (# 2).

### Undisputed Facts

Although this action has not proceeded through the discovery phase, the facts are not in dispute.  Plaintiff was cited for

speeding and appeared for trial in the Municipal Court of Gauley Bridge, West Virginia, on September 10, 2009.  The trial was not open to the public.  The municipal judge who presided over the trial is a classified civil servant of the West Virginia Division of Corrections and thus is disqualified from serving as a municipal judge, pursuant to W. Va. Code § 29-6-20(e).  Plaintiff was convicted of speeding; he appealed his conviction to the Circuit Court of Fayette County, and the charge was dismissed with prejudice on November 9, 2009.  It is not clear whether all of Plaintiff's payments have been refunded in full.

### Defendant's Motion to Dismiss (# 6)

Defendant cites four grounds for its motion to dismiss:

(1) Plaintiff lacks standing to bring the claim;

(2) Defendant is statutorily immune from damages for this cause of action;

(3) Defendant cannot be held liable for an alleged violation of 18 U.S.C. § 241; and

(4) Plaintiff has failed to state a claim upon which relief may be granted.  (Def. Mem., # 7.)

Plaintiff has filed a memorandum in opposition (# 9), and Defendant filed a reply (# 11).  Plaintiff also submitted another reply (# 12) and supplementary material (# 13), which the court will consider.

2

### Standing

Defendant argues that Plaintiff lacks standing to bring this claim because he was not injured. (# 7, at 3.) This assertion merits little discussion. The Supreme Court, in <u>Carey v. Piphus</u>, 435 U.S. 247, 266 (1978), held that nominal damages may be awarded for violation of a constitutional right when actual injury is not proven.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has standing to prosecute this action.

### Statutory Immunity

Defendant contends that Gauley Bridge is statutorily immune from liability pursuant to West Virginia Code § 29-12A-5(a)(2). This argument is similarly lacking in any merit. In <u>Hutchison v. City of Huntington</u>, 479 S.E.2d 649, 662-63 n.17 (1996), the Supreme Court of Appeals of West Virginia noted that "state immunity laws are not applicable in § 1983 actions," citing <u>Howlett v. Rose</u>, 496 U.S. 356 (1990).

In <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 690-92 (1978), the Supreme Court held that municipal corporations can be sued under § 1983 for official policies, ordinances, regulations or customs, although they may not be rendered liable based on a theory of *respondeat superior*.

The undersigned proposes that the presiding District Judge **FIND** that Gauley Bridge is not statutorily immune from liability

for its official policies, decisions, etc. which violated Plaintiff's civil rights.

## 18 U.S.C. § 241

Plaintiff's Complaint alleges that "[t]he police officers and the judge and the town of Gauley Bridge all willfully allowed the violation of my Deprivation of Rights Under the Color of Law TITLE 18 U.S.C. SECTION 241." (# 1, at 2.)

Section 241 is a federal criminal statute. It is well settled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)." Cok v. Cosentino, 876 F.2d 1,2 (1st Cir. 1989); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007). Even if Plaintiff were able to prove that Gauley Bridge violated our nation's criminal laws, the violation of a federal criminal statute does not provide for a private cause of action. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994).

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint based on a purported violation of 18 U.S.C. § 241 fails to state a claim upon which relief can be granted.

**42 U.S.C. § 1983**

Defendant raises three arguments in support of its assertion that Plaintiff's Complaint based on 42 U.S.C. § 1983 fails to state a claim upon which relief can be granted. The three arguments are: (a) Plaintiff did not ask that his trial be open to the public; (b) Plaintiff's right to a public trial was not violated; and (c) Plaintiff has not alleged any actual damages. (# 7, at 6-8.)

**Waiver**

Defendant contends that Plaintiff waived his claim because he has not alleged that he asked that his hearing be open. Id. at 6.

Plaintiff's response states the following:

> Thornton Cooper, Plaintiff Rodney Hays, Shawn Hays and one other guy were standing in the Court Room and Judge Kincaid entered the Court room and he asked us what we were doing there, and we told him that we were there for "speeding tickets." And Judge Kincaid said that we'll have to sign our names on a clip board out front, and Judge Kincaid said you'll be called in when the police officer calls your name, after that Thornton Cooper said isn't this an "open court" and Judge Kincaid said "no".

(# 9, at 4.) Plaintiff asserts that he should not have to ask for a public trial – it is his Sixth Amendment right. Id.

In its reply, Defendant claims that the "right to a public trial is not universal." (# 11, at 5.)

The Supreme Court stated the rule applicable to closure of judicial proceedings in Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 510 (1984):

> The presumption of openness may be overcome only by an overriding interest based on findings that closure is

5

>   essential to preserve higher values and is narrowly tailored to serve that interest.  The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

In Waller v. Georgia, 467 U.S. 39, 46 (1984), the Court wrote that "there can be little doubt that the explicit Sixth Amendment right of the accused is no less protective of a public trial than the implicit First Amendment right of the press and public." Defendant's argument that the Sixth Amendment right to a public trial must be asserted by a defendant and is otherwise waived is without any precedent whatsoever and is completely contrary to the Supreme Court's requirement that hearings be open absent potential prejudice to an overriding interest and explicit findings that closure is necessary.

The undersigned proposes that the presiding District Judge **FIND** that there is no support for Defendant's claim that Plaintiff waived his right to a public trial.

**Right to Public Trial**

Gauley Bridge argues that "having defendants from other cases present during multiple trials could be disruptive and an impediment to an administration of justice."  (# 7, at 8.) Defendant appears to suggest that the offense of speeding, a misdemeanor, does not subject a defendant to incarceration and thus a public trial is not needed.  Id. at 7.

Nothing in the Constitution or Supreme Court rulings suggests

6

that a defendant's right to a public trial is dependent upon the seriousness of the offense charged.  A public trial is a right which pre-dates Magna Carta.  <u>Press-Enterprise Co. v. Superior Court of California, Riverside County</u>, 464 U.S. 501, 508 (1984), provides a fascinating history of open trials (dating from before 1066), and describes their importance:

> The open trial thus plays as important a role in the administration of justice today as it did for centuries before our separation from England.  The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known.  Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. at 569-571, 100 S. Ct. at 2823-2824.
>
> This openness has what is sometimes described as a "community therapeutic value."  *Id.*, at 570, 100 S. Ct. at 2823.

Federal and State judges routinely conduct hearings and administer justice with a courtroom full of defendants in a multitude of cases, witnesses, victims, family, and interested members of the public.  There is simply no excuse for closed proceedings on speeding tickets.  Gauley Bridge's practice of closed hearings, and its attempt to defend that practice, raise serious questions as to its respect for the public and the Constitution.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint states a claim upon which relief

can be granted.

**Lack of Actual Injury**

The undersigned has addressed this argument with respect to standing. It is not clear whether all of Plaintiff's payments have been refunded in full to him. The undersigned will not now address whether Plaintiff's inconvenience, possible lost time from work, mileage, etc. are compensable.

<u>Recommendation</u>

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss (# 6) be denied except as to Plaintiff's attempt to state a claim under 18 U.S.C. § 241. Defendant's memorandum (# 7) and reply (# 9) are so lacking in support by existing law that it is further **RECOMMENDED** that the presiding District Judge consider the applicability of Federal Rule of Civil Procedure 11. It is the undersigned's opinion that the judicial resources consumed by consideration of the motion to dismiss were wasted and that the filing of such a frivolous motion should be discouraged.

**Plaintiff's Motion for Default Judgment (# 8)**

Plaintiff filed this motion on December 16, 2009, asserting that Defendant had not timely filed an answer or other responsive document after Gauley Bridge was served by certified mail on November 25, 2009. Pursuant to Federal Rule of Civil Procedure 12, Defendant's answer, responsive pleading or motion to dismiss was due within 21 days, or on December 16, 2009. Defendant's motion to

dismiss was filed on December 15, 2009, and was timely.

The undersigned proposes that the presiding District Judge **FIND** that Defendant responded to service of Plaintiff's Complaint in a timely manner. It is respectfully **RECOMMENDED** that Plaintiff's motion (# 8) be denied.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Plaintiff, and to transmit it to counsel of record.

February 23, 2010  
Date

*Mary E. Stanley*  
Mary E. Stanley  
United States Magistrate Judge