```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**RODNEY E. HAYS,**

      Plaintiff,

v.                                     Civil Action No. 2:09-1272

**TOWN OF GAULEY BRIDGE,**
**WEST VIRGINIA,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are plaintiff Rodney E. Hays' motion for default judgment and the motion to dismiss by defendant Town of Gauley Bridge, West Virginia, filed respectively on December 16 and December 15, 2009.

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

The court has reviewed the Proposed Findings and Recommendation entered by the magistrate judge on February 23, 2010. The magistrate judge recommends that the motion to dismiss be granted insofar as it seeks dismissal of a putative claim

under 18 U.S.C. § 241, a provision in the United States criminal code, and denied in all other respects.[1]  The magistrate judge further recommends that plaintiff's motion for default judgment be denied.

On March 1, 2010, plaintiff objected only to that portion of the magistrate judge's PF&R dealing with defendant's contention that an actual injury was lacking.  Inasmuch as the magistrate judge's recommendation is adverse to defendant's position, and favorable to plaintiff's position, the court need not address the objection.

On March 5, 2010, defendant objected to the PF&R.  First, defendant appears to reiterate its contention that an actual injury is not alleged.  Defendant then asserts that the custom and policy necessary to support municipal liability is not alleged.  Later, defendant reasserts the actual injury contention.  Construing plaintiff's pro se pleading liberally, he alleges that multiple case dispositions in addition to his own were conducted in secret by the municipal court.  At this early stage of the case, the court concludes the necessary custom and policy has been adequately alleged.

---

[1]The magistrate judge additionally notes that defendant's memorandum in support and reply warrant the consideration of sanctions.  The magistrate judge's observation is of concern, given her vantage point in frequently addressing pro se civil rights matters.  Nevertheless, the court defers consideration of entry of a Rule 11(c)(3) show cause order.

Second, defendant contends that it enjoys state statutory immunity from plaintiff's section 1983 claim. The argument is largely indecipherable. If defendant wishes, it may tailor the contention and present it anew to the magistrate judge, if supported by existing precedent or a good faith basis for the extension thereof.

Third, defendant contends that plaintiff's section 1983 claim is subject to dismissal on the following grounds:

> None of the cases cited in the Proposed Findings and Recommendation involve a suit for monetary damages by an individual alleging a violation of his right to an open trial. The undersigned counsel has scoured the case law from the courts throughout the country and has yet to find a case which supports such a claim.

(Def.'s Objecs. at 8). The court notes the views of available commentators on the point:

> [S]tate or local official conduct which infringes upon certain provisions of the Bill of Rights may similarly be actionable under § 1983, where the Fourteenth Amendment incorporates those provisions. This, in effect, constitutes a kind of "double incorporation" approach: § 1983 incorporates the Fourteenth Amendment which in turn incorporates various provisions of the Bill of Rights and applies them to the states.
>
> The Supreme Court has held the following provisions of the Bill of Rights to be applicable to the states through the Fourteenth Amendment, with the same constitutional standards governing the states as govern the federal government:
>
>     . . . .

> 5. Right to speedy, <u>public</u>, and impartial jury trial and right to notice, confrontation, compulsory process, and counsel under the Sixth Amendment . . . .

1 Sheldon Nahmod, <u>Civil Rights & Civil Liberties Litigation: The Law of Section 1983</u> § 2:3 (Elec. Ed. 2009) (footnotes omitted)(emphasis added); <u>see</u> <u>also</u> 1 Civil Actions Against State and Local Government § 7:2 (same). Inasmuch as it appears a viable section 1983 claim is stated by plaintiff, the objection is meritless.

Based upon the foregoing, the court concludes that the recommended disposition is correct. The court, accordingly, ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted in its entirety;

2. That defendant's motion to dismiss be, and it hereby is, granted as to plaintiff's claim pursuant to section 241 and denied in all other respects;

3. That plaintiff's motion for default judgment be, and it hereby is, denied; and

4. That this action be, and it hereby is, referred anew to the magistrate judge pursuant to the terms of the standing order.

**The Clerk is directed to forward copies of this written opinion and order to the <u>pro</u> <u>se</u> plaintiff, all counsel of record, and the United States Magistrate Judge.**

DATED: May 6, 2010

John T. Copenhaver, Jr.
United States District Judge