UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RODNEY E. HAYS,

       Plaintiff,

v.                          Civil Action No. 2:09-1272

TOWN OF GAULEY BRIDGE, WV,
a West Virginia Municipal Corporation, and
WILLIAM KINCAID, individually and
in his official capacity as Judge of the
Gauley Bridge Municipal Court, and
SEAN WHIPKEY, individually and
in his official capacity as a Town of
Gauley Bridge Police Officer, and
HEATH WHIPKEY, individually and
in his official capacity as a Town of
Gauley Bridge Police Officer, and
CHARLES BURKHAMER, individually and
in his official capacity as a Town of
Gauley Bridge Police Officer,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

       Pending are (1) a motion for summary judgment filed by
the defendant Town of Gauley Bridge, West Virginia ("the Town"),
on July 16, 2010, seeking partial summary judgment as to
liability and an adjudication that plaintiff Rodney E. Hays, who
is proceeding <u>pro</u> <u>se</u>, is entitled only to nominal damages, and
(2) a motion to dismiss the amended complaint or, in the
alternative, for summary judgment filed August 6, 2010, by
defendant Municipal Judge William Kincaid, defendant Police Chief
Sean Whipkey and defendant Officers Charles Burkhamer and Heath
Whipkey.

I.


A.   The Recommendations in the PF&R and the Objections


        This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her comprehensive Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  The court has reviewed the PF&R entered February 16, 2011.  The magistrate judge recommends that the court conclude as a matter of law that (1) the Town, through its municipal court, may adjudicate speeding violations committed within its corporate limits, (2) the Town, at the time Hays was ticketed in 2009, had a policy and custom that deprived Hays of his Fourteenth Amendment due process rights by allowing its law enforcement officers to use evidence obtained from a radar device to support convictions for speeding violations committed within the Town's corporate limits, (3) the Town lacked a custom and policy respecting its appointment of a disqualified individual to serve as municipal judge, and (4) the Town had a custom and policy that resulted in the deprivation of Hays' Sixth Amendment right to a public trial.

Respecting the individual defendants, the magistrate judge recommends that the court conclude as a matter of law that (1) law enforcement officers employed by the Town are authorized to cite violations of speeding laws occurring within corporate limits, (2) defendants Chief Whipkey and Municipal Judge Kincaid violated Hays' due process rights by introducing radar evidence of Hays' alleged violation of the applicable Town speed limit, (3) Municipal Judge Kincaid is not entitled to judicial immunity, (4) Hays has successfully stated a Sixth Amendment claim against defendants Chief Whipkey, Officer Burkhamer, and Officer Whipkey based upon their alleged presence and participation in Hays' secret trial, with no defendant receiving qualified immunity at this time, and (5) Hays has failed to state a claim for an unlawful conspiracy under 42 U.S.C. § 1985(3).

The magistrate judge also recommends the dismissal of Hays' two state claims for negligence and intentional infliction of emotional distress.[1]  With respect to all of the claims

---

[1]Hays additionally appears to assert state-based claims for "constitutional tort," with some further elaboration attempted by the magistrate judge.  (See PF&R at 23).  The court is mindful of its obligation to construe pro se pleadings liberally.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  As our court of appeals has recognized, however, there are limits.  See, e.g., Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (observing that "[d]istrict judges are not mind readers").
(continued...)

alleged against the Town and the individual defendants, the magistrate judge additionally recommends that the court conclude as a matter of law that Hays is entitled to no more than nominal damages as to every claim he alleges.  On February 28, 2011, Hays objected.  Defendants have not objected but have filed a brief response to Hays' objections.

B.   Hays' Claims

       As aptly noted by the magistrate judge, Hays claims are a bit enigmatic.  Based upon the second full paragraph of the PF&R at page 4, and the May 6, 2010, memorandum opinion and order, the court concludes Hays has alleged five federal claims.

       First, he asserts against Chief Whipkey and the Town a Fourth Amendment unlawful seizure claim based upon a lack of reasonable suspicion or probable cause to support the traffic stop that resulted in Hays receiving a speeding citation. Second, he alleges against Chief Whipkey, Municipal Judge

---

[1](...continued)
    If Hays insists on pursuing state constitutional claims, the court will expect him to fully explain the basis for each in the integrated pretrial order, including citation to decisions of the Supreme Court of Appeals of West Virginia stating their governing standards and elements of proof.  The court does not otherwise address the state constitutional claims at this time.

4

Kincaid, and the Town a Fourth Amendment unlawful seizure claim
based upon "malicious prosecution" arising out of the proceedings
related to the disposition of the citation.  Third, he asserts
against all defendants a Sixth Amendment claim based upon the
secret trial on the citation.  Fourth, as discussed more fully
<u>infra</u>, he asserts against various defendants a Fourteenth
Amendment due process claim based upon three violations of state
law.  Fifth, he alleges an unlawful conspiracy pursuant to 42
U.S.C. § 1985.[2]


II.


A.   Summary Judgment and Rule 12(b)(6) Standards


1.   Summary Judgment


A party is entitled to summary judgment "if the
pleadings, the discovery and disclosure materials on file, and
any affidavits show that there is no genuine issue as to any

---

[2]Hays also appears to allege a conspiracy under 42 U.S.C. §
1983.  The court understands that "claim" to be an attempt on
Hays' part simply to preserve his theory that some of the
defendants were jointly responsible for the federal
constitutional deprivations he is alleged to have suffered.

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id.  The moving party has the burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts,

6

summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.  Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility.  Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.  Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).  Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

### 2.  Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide
"'fair notice of what the . . . claim is and the grounds upon
which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957),
overruled on other grounds, Twombly, 550 U.S. at 563); see also
Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).
In order to survive a motion to dismiss, "a complaint must
contain sufficient factual matter, accepted as true, to 'state a
claim to relief that is plausible on its face.'" Ashcroft v.
Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at
570); see also Monroe v. City of Charlottesville, 579 F.3d 380,
386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that
the court "'accept as true all of the factual allegations
contained in the complaint . . . .'" Erickson, 127 S. Ct. at
2200 (quoting Twombly, 127 S. Ct. at 1965); see also South
Carolina Dept. Of Health And Environmental Control v. Commerce
and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting
Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court
must also "draw[] all reasonable . . . inferences from th[e]
facts in the plaintiff's favor . . . ." Edwards v. City of
Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

8

B.   **Fourth Amendment Unreasonable Seizure Claim Against Chief Whipkey and the Town Arising Out of the Traffic Stop**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons. . . against unreasonable . . . seizures, shall not be violated . . . ."  U.S. Const. amend. IV.  In United States v. Branch, 537 F.3d 328 (4th Cir. 2008), our court of appeals observed as follows:

> It is well established that the "[t]emporary detention of individuals during the stop of an automobile by the police . . . constitutes a 'seizure,' " no matter how brief the detention or how limited its purpose. See Whren v. United States, 517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); see also Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); United States v. Martinez-Fuerte, 428 U.S. 543, 556-58, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." Whren, 517 U.S. at 810, 116 S.Ct. 1769.

Id. at 335.  It has additionally been observed that a law enforcement officer's decision to stop an automobile is reasonable under two circumstances.  The first is when the police have probable cause to believe that a traffic violation has occurred.  Whren, 517 U.S. at 810.  The second is when the stop is supported by "a reasonable suspicion supported by articulable facts that criminal activity may be afoot. . . ."  United States v. Sokolow, 490 U.S. 1, 7 (1989) (internal quotation marks omitted).  A stop supported by a reasonable suspicion of even the

9

most mundane of traffic infractions is constitutionally permissible.  <u>United States v. Hassan El</u>, 5 F.3d 726, 730 (4th Cir. 1993) (quoting <u>United States v. Cummins</u>, 920 F.2d 498, 500-01 (8th Cir. 1990)).

In his response to the Town's motion for summary judgment, Hays asserts that he "was going the speed limit that day when he drove through the Town . . . [,] going 25 mph in a 25 mph speed zone."  (Pl.'s Resp. at 6).  Chief Whipkey's version of events is different of course.  This evidentiary parting of ways gives rise to a genuine issue of material fact respecting whether the subject traffic stop was supported by either probable cause or reasonable suspicion.  The court, accordingly, concludes that neither party is entitled to judgment as a matter of law respecting the first claim.[3]

---

[3]Hays appears to suggest that Chief Whipkey's use of the radar device resulted, <u>ipso</u> <u>facto</u>, in an unlawful seizure in violation of the Fourth Amendment.  As the magistrate judge correctly notes, neither West Virginia Code section 17C-6-7 nor any other "provision in State law in 2009 . . . allowed the introduction of radar gun evidence obtained by a Class IV municipal police officer."  (PF&R at 14).  It is an entirely different matter, however, to suggest that a local law enforcement officer is likewise prohibited by the Fourth Amendment from using the device to support reasonable suspicion of excessive speed that would have justified the vehicular stop.  <u>See</u>, <u>e.g.</u>, <u>Ralph v. Pepersack</u>, 335 F.2d 128, 136 (4th Cir. 1964) (noting the "significant distinction between police action which is unlawful because violative of constitutional provisions and
(continued...)

C.    Fourth Amendment Unreasonable Seizure Claim Against Chief
      Whipkey, Municipal Judge William Kincaid, and the Town
      Arising Out of the Proceedings Relating to the Citation


          As suggested in Brooks v. City of Winston-Salem, 85

F.3d 178 (4th Cir. 1996), and reiterated in Lambert v. Williams,

223 F.3d 257, 261 (4th Cir. 2000), what Hays' identifies as a

federal "malicious prosecution" claim is, in actuality, based

upon the Fourth Amendment's illegal seizure branch.  Lambert, 223

F.3d at 262 ("Our analysis in Brooks . . . makes clear that there

is no such thing as a '§ 1983 malicious prosecution' claim.  What

we termed a 'malicious prosecution' claim in Brooks is simply a

claim founded on a Fourth Amendment seizure that incorporates

elements of the analogous common law tort of malicious

prosecution -- specifically, the requirement that the prior

proceeding terminate favorably to the plaintiff.").

_____

     [3](...continued)
police action which merely fails to accord with statute, rule or
some other nonconstitutional mandate."); Street v. Surdyka, 492
F.2d 368, 371 (4th Cir. 1974) (holding that even if the officer
"violated Maryland arrest law, he cannot be liable under § 1983
unless he also violated the federal constitutional law governing
. . .  arrests"); United States v. Jones, 185 F.3d 459, 463 (5th
Cir. 1999) ("'Whether the Fourth Amendment has been violated is
determined solely by looking to federal law on the subject.'
Because we must examine Deputy Picou's stop of Jones under
federal law, the state law administrative deficiency in his
commission as Deputy Sheriff does not affect our analysis.")
(citations omitted); see also generally 1 Wayne R. LaFave, Search
& Seizure § 1.5 (4th ed. elec. 2010).  There is consequently no
merit to Hays' categorical assertion.

Prior to pronouncing the parenthetical observation
immediately preceding, the court of appeals in Lambert had
observed that the common-law tort of malicious prosecution
consists of four "well-established" elements, namely, "(1) the
initiation or maintenance of a proceeding against the plaintiff
by the defendant; (2) termination of that proceeding favorable to
the plaintiff; (3) lack of probable cause to support that
proceeding; and (4) the defendant's malice." Id. at 260.  More
recently, in Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir.
2009), the court of appeals suggested that only two elements of
proof apply to the federal analogue, namely, that there was "an
unreasonable seizure and a favorable termination of the criminal
proceeding flowing from the seizure."  Id.  Further, the Brooks
decision appears to have long ago disavowed the necessity of
demonstrating malice on this federal constitutional claim in view
of the settled, objective nature of the Fourth Amendment inquiry.
Brooks, 85 F.3d at 184 n.5.

Inasmuch as the citation was dismissed, Hays has
apparently satisfied the favorable termination requirement.  For
reasons similar to those expressed supra, however, there is a
genuine issue of material fact respecting whether he suffered a
Fourth Amendment deprivation as a result of the proceedings

12

relating to the adjudication of the citation.  The court, accordingly, concludes that neither party is entitled to judgment as a matter of law respecting the second claim.

D.    Sixth Amendment Secret Trial Claim Against All Defendants

Respecting the Sixth Amendment claim, it appears that defendants essentially concede that Hays' trial on the citation offended the proscription against the secret adjudication of criminal proceedings.  (See PF&R at 16 (noting the Town's "memorandum appears to concede that Plaintiff's Sixth Amendment right to a public trial was violated.").  The court agrees entirely with the magistrate judge's assessment of this claim and concludes that the Town and Municipal Judge William Kincaid are appropriately adjudicated liable as a matter of law at this point, and that further factual development is necessary respecting the liability of the remaining defendants. (Id. at 21-22 ("There is no dispute that Plaintiff's trial was closed to the public in violation of his Sixth Amendment rights.  As the person who presided over the trial, defendant Kincaid should be liable to Plaintiff . . . .  Plaintiff alleges in his Amended Complaint that defendants Burk[h]amer, . . . [Chief] Whipkey and Heath Whipkey were present at the trial and insured that the

13

proceedings were closed.  At this stage of the proceedings, the undersigned [magistrate judge] is unable to determine the roles played by the police officers as to this matter.")).

The court, accordingly, concludes that Hays is entitled to summary judgment as to the liability of Municipal Judge William Kincaid and the Town respecting the third claim. Inasmuch as genuine issues of material fact remain concerning the liability of Chief Whipkey and Officers Whipkey and Burkhamer, no party is otherwise entitled to summary judgment as to those defendants.

E.   Fourteenth Amendment Due Process Claims Against Various
     Defendants

The relevant portion of section 1 of the Fourteenth Amendment, commonly referred to as the Due Process Clause, provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. 14.  There are three underlying events, all of which are based upon alleged violations of state law, that Hays offers in support of a Fourteenth Amendment due process claim.  These are (1) the use of radar-device evidence to prove his unlawful rate of speed despite a prohibition on the use of such a device by the

14

Town under West Virginia Code section 17C-6-1; (2) the
prosecution of Hays under West Virginia Code section 17C-6-1 when
he should instead have faced trial for violation of the Town's
municipal code; and (3) the disqualification of the presiding
municipal judge under West Virginia Code section 29-6-20(e)(3)
inasmuch as he was at the time employed as a classified member of
the West Virginia Division of Corrections.

It is axiomatic that one alleging a violation of
section 1983 must prove, inter alia, that the charged state actor
deprived plaintiff of a right secured by the Constitution and
laws of the United States.  Philips v. Pitt County Memorial
Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Adickes v. S.H.
Kress & Co., 398 U.S. 144, 150 (1970); Mentavlos v. Anderson, 249
F.3d 301, 310 (4th Cir. 2001)).  In Swarthout v. Cooke, 131 S.
Ct. 859 (2011), the Supreme Court just months ago observed as
follows:

> It will not do to pronounce California's "some
> evidence" rule to be "a component" of the liberty
> interest, 606 F.3d, at 1213. Such reasoning would
> subject to federal-court merits review the application
> of all state-prescribed procedures in cases involving
> liberty or property interests, including (of course)
> those in criminal prosecutions.  That has never been
> the law.  To the contrary, we have long recognized that
> "a 'mere error of state law' is not a denial of due
> process."

Id. at 863 (citations omitted).  One finds similar statements in

15

many judicial opinions.  See, e.g., Rivera v. Illinois, 129 S.Ct. 1446, 1454 (2009)("[T]he mistaken denial of a state-provided peremptory challenge does not, without more, violate the Federal Constitution. '[A] mere error of state law,' we have noted, 'is not a denial of due process.'") (citations omitted); Gryger v. Burke, 334 U.S. 728, 731 (1948); Engle v. Isaac, 456 U.S. 107, 121 & n. 21 (1982); Riccio v. County of Fairfax, 907 F.2d 1459, 1466 (1990) ("The Due Process Clause regulates the manner in which a state deprives its citizens of interests in life, liberty, and property. It is well established that the mere existence of a state rule does not necessarily create an interest protectable by the Due Process Clause, and that, therefore, a state does not necessarily violate the Constitution every time it violates one of its rules."); Lazaridis v. Wehmer, 591 F.3d 666, 671 n.6 (3rd Cir. 2010) ("Although Lazaridis asserts due process violations, we do not construe the alleged misapplication of state law as violative of substantive federal due process.  The constitution does not guarantee that the decision of state courts shall be free from error.").

These settled principles have been applied to due process challenges against municipal citation practices.  In Mills v. City of Grand Forks, 614 F.3d 495 (8th Cir. 2010), a motorist instituted a section 1983 action against a city.  He

alleged, like Hays, that a citation he received violated the Due

Process Clause.  The United States Court of Appeals for the

Eighth Circuit disagreed:

> [E]ven if the City in fact violated state law, a mere
> violation of a state law does not give rise to a
> federal due process violation. Mills in his pleadings
> fails to allege facts establishing that the City's
> conduct, even if in violation of state law, can be
> characterized as "truly irrational." Thus, no
> constitutional due process claim existed . . . .

Id. at 500 (citations omitted).


There were surely some inexplicable procedural missteps

associated with the proceedings related to Hays' citation.  For

example, as the magistrate judge notes, without objection from

defendants, the use of the radar device and Municipal Judge

William Kincaid's services violated state law.  From a procedural

due process standpoint, however, Hays was given the very minimum,

namely, notice and an opportunity to be heard respecting the

citation.  See Wolf v. Fauquier County Bd. of Supervisors, 555

F.3d 311, 322-23 (4th Cir. 2009)(noting no procedural due process

violation arose inasmuch as plaintiff could not "show that the

investigation did not meet the minimum standards required by

procedural due process . . . , merely 'a guarantee of fair

procedures -- typically notice and an opportunity to be heard.' .

. . . [The] investigation, even if imperfect, did not deprive

Wolf of due process by denying her the right to make her case.").

Regardless of the fairness of the procedures used, the possibility of a substantive due process violation still exists. <u>Daniels v. Williams</u>, 474 U.S. 327, 331 (1986)  (noting substantive due process claims may be used to redress "certain government actions regardless of the fairness of the procedures used to implement them . . . ."). The standard governing such a claim though is demanding, as stated in <u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998):

> [F]or half a century now we have spoken of the cognizable level of executive abuse of power as that which shocks the conscience. . . .
>
> . . . .
>
> It is . . . behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim; conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level.

<u>Id.</u> at 846-49. Hays' attempt to allege a substantive due process violation simply does not approach the requisite degree of culpability or harm.

Separate and apart from these two observations concerning procedural and substantive due process, however, Hays alleges no actionable violation of his interests in either life or liberty. Additionally, the fact that he was temporarily

18

dispossessed of $300 surely stretches to the breaking point the concept of a protected property interest.

Based upon the foregoing discussion, Hays' allegations of state-law violations do not give rise to a plausible claim under the Fourteenth Amendment Due Process Clause.  The court, accordingly, ORDERS that the claim be, and it hereby is, dismissed.

F.  Conspiracy Claim for Violation of 42 U.S.C. § 1985(3) and State Common-Law Claims Against All Defendants

While Hays objects to the magistrate judge's recommendation that these claims be dismissed, his objections lack merit.  Respecting the section 1985(3) conspiracy claim, and as observed by the magistrate judge, he fails to raise a genuine issue of material fact respecting the second and third elements of such a claim.  Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995) (noting the necessity of proof that the conspirators be "(2) . . . motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all . . . ."). Likewise unassailable are the magistrate judge's analyses respecting Hays' claims for negligence and intentional infliction of emotional distress.

19

G.    Damages


        In Randall v. Prince George's County, 302 F.3d 188 (4th

Cir. 2002), our court of appeals observed as follows:

    "[W]hen § 1983 plaintiffs seek damages for violations
    of constitutional rights, the level of damages is
    ordinarily determined according to principles derived
    from the common law of torts."

    At common law, tort damages were "designed to provide '
    compensation for the injury caused to plaintiff by
    defendant's breach of duty.'" . . . . And it is settled
    that, in the absence of an actual injury, such a
    deprivation will justify only nominal damages.

        The concept of actual injury at common law is a
    broad one, and the Supreme Court has recognized that
    "compensatory damages may include not only
    out-of-pocket loss and other monetary harms, but also
    such injuries as impairment of reputation . . .,
    personal humiliation, and mental anguish and
    suffering."  Actual injury therefore may include
    emotional distress.  We have recognized, in the § 1983
    context, that a "plaintiff's testimony, standing alone,
    can support an award of compensatory damages for
    emotional distress based on a constitutional
    violation."

Id. at 208-09; see also Federal Judicial Center, Martin A.

Schwartz & Kathryn R. Urbonya, Section 1983 Litigation 190 (2d.

ed. 2008).


        The magistrate judge appropriately observed the rather

thin evidentiary basis at this point for the compensatory damages

sought by Hays.[4]  Nevertheless, in light of the disposition of his claims herein, the court deems the question of damages, compensatory, nominal, and punitive (the latter as to the defendants in their individual capacities), as better left for trial.  This is not to say that Hays' request for damages will necessarily be given to the jury.  Absent the precursor evidentiary foundation for the sums sought, the fact finder will not be given the opportunity to render a finding on the matter.  That determination, however, will await the conclusion of the evidence.

It is, accordingly, ORDERED that defendants' request for judgment as a matter of law that Hays' damages be limited to only a nominal sum be, and it hereby is, denied.

_____

[4]For example, as noted in <u>Knussman v. Maryland</u>, 272 F.3d 625 (4th Cir. 2001), the proof requirements for emotional injury are somewhat rigorous:

> The plaintiff must adduce sufficient evidence "that such distress did in fact occur and that its cause was the constitutional deprivation itself and cannot be attributable to other causes."  A plaintiff seeking compensatory damages for emotional injuries cannot rely on "conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred," but, rather, "the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated."

<u>Id.</u> at 639-40 (citations omitted).

In accordance with the foregoing discussion, the following claims remain:

1.   A Fourth Amendment unlawful seizure claim against Chief Whipkey and the Town based upon a lack of reasonable suspicion or probable cause to support the traffic stop that resulted in Hays receiving a speeding citation;

2.   A Fourth Amendment unlawful seizure claim against Chief Whipkey, Municipal Judge Kincaid, and the Town based upon "malicious prosecution" arising out of the proceedings related to the disposition of the citation; and

3.   A Sixth Amendment claim against all defendants based upon the secret trial on the citation.

III.

Based upon the foregoing, the court, accordingly, ORDERS as follows:

1.  That the PF&R be, and it hereby is, adopted and incorporated herein to the extent consistent with the foregoing discussion and not adopted in any other respect;

2.  That the motion for summary judgment filed by the defendant Town of Gauley Bridge, West Virginia be, and it hereby is, granted to the extent consistent with the foregoing discussion and denied in all other respects; and

3.  That the motion to dismiss the amended complaint or, in the alternative, for summary judgment filed by defendants Municipal Judge William Kincaid, Chief Sean Whipkey, and Officers Charles Burkhamer and Heath Whipkey be, and it hereby is, granted to the extent consistent with the foregoing discussion and denied in all other respects.

The Clerk is directed to forward copies of this written opinion and order to the <u>pro</u> <u>se</u> plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED:  March 29, 2011

John T. Copenhaver, Jr.
United States District Judge

24