```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**RODNEY E. HAYS,**

       Plaintiff

v.                                    Civil Action No. 2:09-1272

**TOWN OF GAULEY BRIDGE, WV,**
a West Virginia Municipal Corporation, and
**WILLIAM KINCAID,** individually and
in his official capacity as Judge of the
Gauley Bridge Municipal Court, and
**SEAN WHIPKEY,** individually and
in his official capacity as a Town of
Gauley Bridge Police Officer, and
**HEATH WHIPKEY,** individually and
in his official capacity as a Town of
Gauley Bridge Police Officer, and
**CHARLES BURKHAMER,** individually and
in his official capacity as a Town of
Gauley Bridge Police Officer,

       Defendant

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are defendants' motions (1) to enforce offer of judgment and for costs ("motion to enforce"), filed December 28, 2011, and (2) to seal exhibit A, filed January 10, 2012, and plaintiff's motion for sanctions against defendants' lawyer and law firm, filed January 3, 2012.[1]

---

[1] The court notes that two motions listed as pending in this action have been adjudicated. The Clerk is directed to terminate defendants' motion to reinstate this case to the active docket, filed August 16, 2011, (docket number 88) and defendants' motion in limine, filed October 31, 2011 (docket number 95).

I.

On April 1, 2011, defendants served upon plaintiff an offer of judgment pursuant to Federal Rule of Civil Procedure 68(a). The offer of judgment provided as follows:

> Defendants . . . hereby offer[] to Plaintiff to take judgment against the Defendants in this action for the total sum of Five Thousand Dollars ($5,000.00) in full and complete satisfaction and final disposition of any and all claims, including, but not limited to, all damages, applicable interest, attorneys' fees and costs accrued to date, that Plaintiff may have against the Defendants and any entity or entities associated therewith, arising out of the allegations which serve as the basis for the claims asserted in . . . [this case].
>
> Be advised that . . . if, within fourteen (14) days after the service of this Offer of Judgment, the Plaintiff fails to provide written notice of acceptance of this Offer, such Offer shall be deemed withdrawn in accordance with Rule 68, and, in further accordance with said Rule, the Offer shall not be disclosed to the jury and evidence thereof shall not be admissible. If this action proceeds to trial and the judgment finally obtained by the Plaintiff is not more favorable than the Offer hereby made by this Defendant, the Plaintiff must pay to the Defendants all costs of defense incurred after the making of this Offer, as provided under Rule 68.
>
> Acceptance of this Offer shall operate to fully and completely extinguish any and all claims by the Plaintiff against these Defendants in this action and any entity or entities associated therewith, with prejudice.

(Off. of Jgt. at 1-2). Plaintiff did not respond to the offer of judgment.

On December 20, 2011, trial commenced.  The jury was instructed respecting plaintiff's claims for (1) a Fourth Amendment unlawful seizure against police chief Sean Whipkey and the Town of Gauley Bridge ("Town") based upon a lack of reasonable suspicion or probable cause to support the traffic stop that resulted in plaintiff receiving a speeding citation; (2) a Fourth Amendment unlawful seizure claim against Chief Whipkey, Municipal Court Judge William Kincaid, and the Town based upon "malicious prosecution" arising out of the proceedings related to the disposition of the citation; and (3) a Sixth Amendment claim against all defendants based upon a nonpublic trial held by Municipal Judge Kincaid respecting the citation.

On December 21, 2011, the jury rendered its verdict.  Having found that Chief Whipkey had probable cause to stop plaintiff's vehicle and issue the citation, the jury found in favor of the defendants as to both Fourth Amendment claims.  The jury additionally found that plaintiff failed to prove his Sixth Amendment claim as against defendants Chief Whipkey, Officer Heath Whipkey, and Officer Charles Burkhamer.  The court had previously determined as a matter of law that defendants Municipal Judge Kincaid and the Town, at a minimum, bore

responsibility for the Sixth Amendment deprivation. The jury awarded plaintiff emotional distress damages against those two defendants in the amount of $904.

Defendants now move to enforce the offer of judgment. They seek not only the "costs" explicitly mentioned in their offer of judgment but also their attorney fees. Both of these expenses are sought for the period from April 1, 2011, through "the completion of this motion." (Mot. to Enf. at 1). The basis for the request for attorney fees is outlined in the memorandum supporting defendants' request:

> The United States Supreme Court discussed Rule 68 in <u>Marek v. Chesny</u>, 473 U.S. 1, 6-7, 87 L. Ed. 2d 1, 105 S. Ct. 3012 (1985). It noted that the term "costs" in Rule 68 includes "all costs properly awardable in an action." <u>Marek</u>, 473 U.S. at 9. In a Section 1983 action, "costs" include the prevailing party's attorney's fees. <u>Id.</u> 42 U.S.C. § 1988(b) defines "costs" to include reasonable attorney fees for an action brought under 42 U.S.C. § 1983.

(Defs.' Supp. Mem. at 3).

II.

The material portions of Rule 68 provide, in pertinent part, as follows:

> a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to

4

>allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
>. . . .
>
>(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. Proc. 68(a), (d).

In <u>Marek</u>, plaintiffs alleged an excessive force claim against three defendant law enforcement officers. Defendants served a Rule 68 offer of judgment "'for a sum, including costs now accrued and attorney's fees, of ONE HUNDRED THOUSAND ($100,000) DOLLARS.'" <u>Id.</u> at 3-4 (quoted portion of record omitted). Plaintiffs refused the offer of judgment. At trial, the jury returned a verdict in plaintiffs' favor for $5,000 on a state-law claim, $52,000 for the excessive force claim, and $3,000 in punitive damages.

Plaintiffs sought $171,692.47 in costs, including attorney's fees pursuant to 42 U.S.C. § 1988. The sum included costs and attorney fees incurred following the Rule 68 offer of judgment. Defendants opposed that portion of the fees and costs

5

incurred following the offer of judgment based upon the language of Rule 68(d) shifting all "costs" to the offeree. Defendants asserted that, pursuant to section 1988, attorney fees are part of the "costs" addressed by Rule 68.

The question posed to the Supreme Court in <u>Marek</u>, then, was whether the term "costs" in Rule 68 includes attorney fees awardable under section 1988. Central to the holding in <u>Marek</u> was the following analysis:

> [T]he most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs <u>properly awardable</u> under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

<u>Id</u>. at 9 (emphasis added). The analysis led to the following conclusion:

> Pursuant to . . . [section 1988], a prevailing party in a § 1983 action may be awarded attorney's fees "as part of the costs." Since Congress expressly included attorney's fees as "costs" available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68. This "plain meaning" interpretation of the interplay between Rule 68 and § 1988 is the only construction that gives meaning to each word in both Rule 68 and § 1988.

<u>Id.</u>

While they do not cast it as such, defendants' propose a significant extension of <u>Marek</u>. The thrust of <u>Marek</u> is that a civil rights plaintiff who rejects an offer more favorable than his ultimate recovery in the case may not recover attorney fees incurred following rejection of the offer of judgment. Defendants have in mind not the blocking of post-offer attorney fees incurred by plaintiff, but a shift of their own post-offer attorney fees to him.[2] The Supreme Court in <u>Marek</u> was not called upon to address that question and explicitly left it aside. <u>Marek</u>, 473 U.S. at 4 n.1 ("The District Court refused to shift to [plaintiff] any costs accrued by [defendants]. [Defendants] do not contest that ruling.").

The courts of appeal that have reached the issue have split, with the overwhelming majority reaching a conclusion contrary to that advanced by defendants. <u>See</u>, <u>e.g.</u>, <u>Champion Produce, Inc. v. Ruby Robinson Co., Inc.</u>, 342 F.3d 1016, 1032 (9th Cir. 2003) (stating with respect to a shifting of defense attorney fees that "[w]hile Rule 68 is designed to 'require plaintiffs to "think very hard" about whether continued

---

[2] Plaintiff is not entitled to attorney fees in any event inasmuch as he is proceeding <u>pro se</u>.

litigation is worthwhile,' it is not a gun to the head."); <u>Le v. University of Pa.</u>, 321 F.3d 403, 410-411 (3rd Cir. 2003); <u>EEOC v. Bailey Ford, Inc.</u>, 26 F.3d 570, 571 (5th Cir. 1994); <u>O'Brien v. City of Greers Ferry</u>, 873 F.2d 1115, 1120 (8th Cir. 1989); <u>Crossman v. Marcoccio</u>, 806 F.2d 329, 333 (1st Cir. 1986) (noting that avoiding the contrary approach prevents a "chilling effect on the initiation of civil rights actions from attaining glacial magnitude . . . ."); <u>Grosvenor v. Brienen</u>, 801 F.2d 944, 946 n.4 (7th Cir. 1986); Martin A Schwartz & Kathryn R. Urbonya, <u>Section 1983 Litigation</u> 205 (2nd ed. 2008); Harold S. Lewis, Jr. & Thomas A. Eaton, <u>Rule 68 Offers of Judgment: The Practices and Opinions of Experienced Civil Rights and Employment Discrimination Attorneys</u>, 241 F.R.D. 332, 345 (2007); 1 Robert L. Rossi, <u>Attorneys' Fees</u> § 6:25 (3rd ed. elec. 2011). <u>But</u> <u>see</u> <u>Jordan v. Time, Inc.</u>, 111 F.3d 102, 105 (11th Cir. 1997).

The lopsided nature of the authorities is easily explained when one considers key language in <u>Marek</u> partially underscored <u>infra</u>: "[T]he term 'costs' in Rule 68 was intended to refer to all costs <u>properly awardable</u> under the relevant substantive statute or other authority." <u>Marek</u>, 473 U.S. at 9 (emphasis added). Fees under section 1988 are "properly awardable" only to a litigant who qualifies as a "prevailing

party."  The Supreme Court has spoken quite clearly respecting when a defendant is a "prevailing party" under the statute.  See <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978) (noting a civil rights defendant may not be awarded attorney's fees under section 1988 unless the trial court determines that the plaintiff's action was "frivolous, unreasonable, or without foundation.").  One cannot brand plaintiff's claims in this action as "frivolous, unreasonable, or without merit." <u>Id.</u>  A good portion of his case survived summary judgment, and he prevailed on one claim.  The case need not have made it that far in order to avoid a finding under <u>Christiansburg</u>. See <u>EEOC v. Great Steaks, Inc.</u>, 667 F.3d 510, 518 (4th Cir. 2012) ("Generally, therefore, the denial of a motion for judgment as a matter of law made at the close of all evidence strongly indicates that the plaintiff's case was not frivolous, unreasonable, or groundless.").

  Nevertheless, defendants are, pursuant to Rule 68(d), entitled to those costs specified in 28 U.S.C. § 1920 for the period from April 1, 2011, through their last valid cost-producing act thereafter.  The court, however, deems the present request incomplete.  Defendants are referred to Local Rule of Civil Procedure 54.1, which provides pertinently as follows:

> **The prevailing party shall prepare a bill of costs within 30 days after entry of the final judgment on the form supplied by the clerk. The bill of costs shall contain an itemized schedule of the costs and a statement signed by counsel for the prevailing party that the schedule is correct and the charges were actually and necessarily incurred. The original of the bill of costs shall be filed with the clerk and a copy served on counsel for the adverse party or on the unrepresented adverse party.**

**Loc. R. Civ. Proc. 54.1. The referenced form is available on the court's public website. It is AO 133, revised December 2009.**

**Based upon the foregoing discussion, it is ORDERED that defendants' motion to enforce be, and it hereby is, granted to the extent that defendants are entitled to costs to be determined by the Clerk as earlier set forth herein and denied as to its residue. Inasmuch as the court has not relied in any way upon Exhibit A, which is a statement of attorney fees and costs, it is ORDERED that defendants' motion to seal the exhibit be, and it hereby is, granted. It is further ORDERED that Exhibit A be, and it hereby is, sealed pending the further order of the court.**

III.

The court has additionally reviewed plaintiff's motion for sanctions. Plaintiff contends that "[t]he Defendant's lawyer has made a lot of frivolous and harassing legal arguments . . . ." (Mot. at 2). He cites defense counsel's (1) failure to cite case law supportive of plaintiff's own Sixth Amendment claim, (2) alleged misunderstanding of the authority of municipal judges, (3) insisting that plaintiff pay half of the mediator's fee in the case, and (4) improper cross examination of plaintiff respecting certain tax matters and accusing him of tax fraud. He additionally asserts that defendant Chief Whipkey, and defense witness and Assistant Prosecuting Attorney Brian Parsons, are properly charged with "mislead[ing] the jury, confus[ing] the issues, and misrepresent[ing] the facts and laws of the case . . . ." (Mot. at 8).

Plaintiff's contentions are readily dispatched. The adversary need only cite binding authority to the tribunal. Defense counsel did not transgress that requirement. Further, a mere mistake by defense counsel respecting the governing law, assuming a mistake in fact occurred, is insufficient to give rise to a sanctions order. Respecting the mediator's fee, it is

customary for such costs to be split between those parties who submit to the mediator's authority. As to the cross examination of plaintiff conducted by defense counsel, the vigorous inquiry did not transgress any ethical boundary lines. Plaintiff also fails to identify any contemporaneous objection that he made to the inquiry. Finally, any challenged testimony by either Chief Whipkey or Assistant Prosecutor Parsons was subject to cross examination and would not, in any event, give rise to a sanctions order.

Inasmuch as there is lacking any basis for sanctions, it is ORDERED that the motion for sanctions be, and it hereby is, denied.

IV.

One additional matter warrants discussion. On December 21, 2011, after the jury returned its verdict, but prior to the jurors being excused, the court was prepared to take up phase two of the case, namely, whether plaintiff was entitled to punitive damages against Municipal Judge Kincaid respecting the Sixth Amendment claim and, if so, in what amount. Moments later, plaintiff disclosed that the entirety of the

evidence he planned to introduce in phase two consisted solely of the number of citations written in the Town for some undisclosed period, along with its financial statements.

When plaintiff was advised that the citations would be irrelevant inasmuch as the punitive damages request was limited to the Sixth Amendment claim, he stated that he would just have to cancel out the punitive damages part of the case.  At that point, defense counsel asked that the punitive damages claim be dismissed.  When plaintiff was asked for his position on the dismissal request he offered no response.

The court granted the motion to dismiss.  There were two bases for that action.  First, plaintiff is deemed to have abandoned the punitive damages claim inasmuch as he stated he wished to cancel it.  He also stood silent when defense counsel requested dismissal of the claim.  He has likewise not sought reconsideration of the dismissal since that time.

Second, the standard governing the entitlement to punitive damages in a case such as this is quite rigorous.  See Smith v. Wade, 461 U.S. 30, 56 (1983) ("[A] jury may be permitted to assess punitive damages in an action under § 1983

when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.") (quoted in <u>Presley v. City Of Charlottesville</u>, 464 F.3d 480, 493 (4th Cir. 2006)).  The evidence relating to the Sixth Amendment claim did not provide a reasonable jury with a legally sufficient evidentiary basis to find for plaintiff under the <u>Smith</u> standard.  The punitive damages claim was thus properly dismissed.

V.

Based upon the foregoing discussion, it is ORDERED as follows:

1. That defendants' motion to enforce be, and it hereby is, granted, to the extent that defendants are entitled to costs to be determined by the Clerk as earlier set forth herein and denied as to its residue;

2. That defendants' motion to seal be, and it hereby is, granted; and

14

3. That plaintiff's motion for sanctions be, and it hereby is, denied.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: March 19, 2012

John T. Copenhaver, Jr.
United States District Judge